UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MATTHEW BERNAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ORTHOFIX MEDICAL INC., JON C. SERBOUSEK, KEITH VALENTINE, JOHN BOSTJANCIC, and PATRICK KERAN,<br><br>Defendants. | Case No. 2:24-cv-00690<br><br><u>**JURY TRIAL DEMANDED**</u> |

**CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Matthew Bernal ("Plaintiff"), by and through his counsel, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based up, *inter alia*, counsel's investigation, which includes review and analysis of: (a) Regulatory filings made Orthofix Medical Inc. ("Orthofix" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (b) press releases and media reports issued and disseminated by the Company; (c) analyst reports concerning Orthofix; and (d) other public information regarding the Company, including transcripts of earnings calls and conferences held and/or attended by the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.     This securities class action is brought on behalf of all persons or entities that purchased or otherwise acquired Orthofix common stock between October 11, 2022, and September 12, 2023, inclusive (the "Class Period").  The claims asserted herein are alleged against Orthofix and certain of the Company's senior executives (collectively, "Defendants"), and arise under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.

2.     Lewisville, Texas-based Orthofix is a global spine and orthopedics company that offers biologics, spinal hardware, bone growth therapies, and specialized orthopedic solutions, among other things, to healthcare professionals throughout the world.

3.     On October 11, 2022, Orthofix and SeaSpine, a global medical technology company focused on surgical solutions for the treatment of spinal disorders, announced that they entered into a definitive agreement to combine in an all-stock merger of equals (the "Merger"). According to the release and corresponding conference call with securities analysts, Defendant Keith Valentine ("Valentine"), SeaSpine's President and Chief Executive Officer ("CEO"), would serve as President and CEO and be appointed to the Board of Directors (the "Board") of the combined company.

4.     On November 21, 2022, Orthofix and SeaSpine announced that, effective upon the completion of the merger, Defendant John Bostjancic ("Bostjancic"), SeaSpine's Chief Financial Officer ("CFO") and Chief Operating Officer, and Defendant Patrick Keran ("Keran"), SeaSpine's Senior Vice President and General Counsel, would serve as CFO and Chief Legal Officer ("CLO") of the combined company, respectively.

5.     On January 4, 2023, Orthofix and SeaSpine announced the successful completion of the Merger.

6. Throughout the Class Period, Defendants issued false and misleading statements and/or failed to disclose adverse facts about the Company's management team. When the truth about the Company's management team was revealed, the price of Orthofix common stock suffered sharp declines. As a result, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), as well as Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

9. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act. Orthofix maintains its principal executive offices in Lewisville, Texas, which is located within this Judicial District, Defendants conduct business in this Judicial District, and a significant portion of Defendants' activities took place within this Judicial District.

10. In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communication, and the facilities of the national securities markets.

## PARTIES

### A. Plaintiff

11. Plaintiff purchased or otherwise acquired Orthofix common stock during the Class Period as described in the attached Certification and was damaged thereby. Plaintiff is a resident of the state of North Carolina.

**B.     Defendants**

12.     Defendant Orthofix is incorporated under the laws of Delaware and maintains its principal executive offices at 3451 Plano Parkway, Lewisville, Texas, 75056.  The Company's common stock trades in an efficient market on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol "OFIX."

13.     Defendant Jon C. Serbousek ("Serbousek") served as Orthofix's President, CEO, and Director before the merger and then Executive Chairman of the Board after the Merger.

14.     Defendant Valentine served as the Company's President and CEO upon the completion of the merger and at all relevant times thereafter, until the Board terminated his employment in September 2023.

15.     Defendant Bostjoncic served as the Company's CFO upon the completion of the merger and at all relevant times thereafter, until the Board terminated his employment in September 2023.

16.     Defendant Keran served as the Company's Chief Legal Officer upon the completion of the merger and at all relevant times thereafter, until the Board terminated his employment in September 2023.

17.     Defendants Serbousek, Valentine, Bostjancic, and Keran are sometimes referred to herein as the "Individual Defendants."

18.     The Individual Defendants possessed the power and authority to control the contents of the Company's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Orthofix and their access to material information available to them but not to the public, the

Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

19. Orthofix and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements Issued During the Class Period

20. The Class Period begins on October 11, 2022, when Orthofix and SeaSpine filed a Form 8-K with the SEC announcing that they entered into an agreement and plan of merger. According to the release attached to the Form 8-K, upon closing of the transaction, Defendant Valentine was to "serve as President and Chief Executive Officer and member of the Board" of the combined company. Later that day, Orthofix and SeaSpine held a "Merger Announcement Call" with securities analysts. Defendants Serbousek, Valentine, and Bostjancic participated in the call. During the call, it was announced that Defendant Serbousek would serve as the Executive Chairman of the combined Company, and that "the remainder of the company's leadership team will be named prior to closing and is expected to be inclusive of executives from both Orthofix and SeaSpine."

21. During the question-and-answer portion of the Merger Announcement Call, Truist Securities, Inc. analyst Richard Newitter asked about the integration of the two companies and whether management expected any potential disruption initially, similar to many other spine transactions that occurred over the last several decades. Defendant Serbousek responded in relevant part:

> Yes. Rich, it's Jon. Having been through a couple of those transactions, and I can fully appreciate the dynamics that's going – that went on in those. What I find really different about this is it's a merger of equals. We're bringing two teams together, and we're building a company of the best and balance between the companies. And I think that's a very different dynamic when you're looking at how you put together a product portfolio, how you put together our management team, how do you put together a commercial team. And so I think that's going to give us an advantage.
>
> And in conversations with Keith [Valentine], very similar philosophies between these companies as far as go-to-market philosophies, how we deal with – manage people, how we build businesses. So I think that's the collaboration that you'll see. Often times -- and it's also in the general structure of the management team, assuming an executive chair role, I must still be around and basically be able to help Keith and the team be as successful as possible and -- but not again -- not get in their way. But it comes down to that I see that as a powerful combination of merger of equals versus just an acquisition and then basically -- oftentimes, the previous management team goes away and you're left with assets, but not people and teams.

22. On November 8, 2022, Defendants filed with the SEC a draft registration statement on Form S-4, which, incorporating and in combination with related documents including a proxy statement and prospectus, would be used to effectuate the Merger between Orthofix and SeaSpine. According to the registration statement, Orthofix's then-serving board of directors unanimously approved the merger, in part, because of the "complementary cultures of Orthofix and SeaSpine, including a strong performance-based culture focused on integrity, collaboration, innovation, diversity and corporate responsibility."

23. On November 11, 2022, Defendants filed with the SEC the final prospectus that would be used to effectuate the Merger on Form 424B3, which forms part of the Registration Statement. In addition to claiming that the combined company's leadership team "leverages the talent within both organizations," the prospectus lists Defendant Bostjancic as the Company's CFO and Defendant Keran as the Company's CLO following Merger close. The prospectus repeats the

claim that Orthofix and SeaSpine have "strong performance-based culture[s] focused on integrity, collaboration, innovation, diversity and corporate responsibility."

24.     On January 5, 2023, Orthofix and SeaSpine announced the successful completion of their previously announced merger, which was to become effective as of 12:01 a.m. Eastern Standard Time on January 5, 2023.  According to the release, "the combined Orthofix is a leading global spine and orthopedics company with a complimentary portfolio of biologics, innovative spinal hardware solutions, market-leading bone growth therapies, specialized orthopedic solutions and a leading surgical navigation system."  In speaking about the merger, Defendant Valentine said he was "privileged to lead this talented team and excited for all of the opportunities that lie ahead."  He added, "together, we are stronger and better positioned to deliver innovative, quality-driven solutions for surgeons in their work to improve patients' lives."

25.     On March 6, 2023, Defendants filed the Company's Annual Report on Form 10-K with the SEC.  Therein, Defendants affirmatively stated:

> It is our fundamental policy to conduct business in accordance with the highest ethical and legal standards.  We have a comprehensive compliance and ethics program, which is overseen by a Chief Ethics and Compliance Officer, who reports directly to our Chief Executive Officer and the Compliance Committee of the Board of Directors.  The program is intended to promote lawful and ethical business practices throughout our domestic and international businesses.  It is designed to prevent and detect violations of applicable federal, state, and local laws in accordance with the standards set forth in guidance issued by the U.S. Department of Justice ("U.S. DOJ") ("Evaluation of Corporate Compliance Programs" (updated June 2020)), the Office of Inspector General (HCCA-OIG "Measuring Compliance Program Effectiveness: A Resource Guide" (March 2017)), and the U.S. Sentencing Commission ("Effective Compliance and Ethics Programs" (November 2014)).  Key elements of the program include:
>
> - Organizational oversight by senior-level personnel responsible for the compliance function with the Company
> - Written standard and procedures, including a Corporate Code of Conduct
> - Methods for communicating compliance concerns, including anonymous reporting mechanisms

- Investigation and remediation measures to ensure a prompt response to reported matters and timely corrective action
- Compliance education and training for employees and contracted business associates
- Auditing and monitoring controls to promote compliance with applicable laws and to assess program effectiveness
- Disciplinary guidelines to enforce compliance and address violations
- Due diligence reviews of high risk intermediaries and exclusion lists screening of employees and contracted business associates
- Risk assessments to identify areas of compliance risk.

26. The statements in ¶¶20-25 above falsely assured the market that Orthofix's management team consisted of individuals committed to conducting business in accordance with the highest ethical and legal standards, and further, that these individuals believed in and fostered a strong performance-based culture focused on integrity, collaboration, innovation, diversity, and corporate responsibility. In fact, as was later revealed, Orthofix's management team was engaged in "repeated inappropriate and offensive conduct that violated multiple code of conduct requirements," which was also "inconsistent with the Company's values and culture."

## The Truth Emerges

27. On September 12, 2023, Defendants announced the appointment of an interim CEO, interim CFO, and interim CLO, effective immediately, following the "unanimous decision by the Board's independent directors to terminate for cause Keith Valentine, John Bostjancic and Patrick Keran from those respective roles." According to the press release issued that day:

> Orthofix Medical Inc. (NASDAQ: OFIX), a leading global spine and orthopedics company, today announced that Catherine Burzik, Chair of the Orthofix Board of Directors, has been appointed Interim Chief Executive Officer; Geoffrey Gillespie, Orthofix Vice President, Corporate Controller, has been appointed Interim Chief Financial Officer; and Puja Leekha, Orthofix Senior Vice President, Chief Ethics and Compliance Officer, has been appointed Interim Chief Legal Officer. ***The appointments are effective immediately and follow the unanimous decision by the Board's independent directors to terminate for cause Keith Valentine, John Bostjancic and Patrick Keran from those respective roles. The Board also requested that Mr. Valentine resign from the Board.*** The Board will immediately begin a search for permanent successors.

8

> ***The Board's decision follows an investigation conducted by independent outside legal counsel and directed and overseen by the Company's independent directors. As a result of the investigation, the Board determined that each of these executives engaged in repeated inappropriate and offensive conduct that violated multiple code of conduct requirements and was inconsistent with the Company's values and culture***. These matters are unrelated to and do not impact the Company's strategy, results of operations or previously filed financial statements.
>
> Catherine Burzik, Chair of the Orthofix Board, said, "***Orthofix's core values are built around fostering, cultivating and preserving a culture that is respectful, and we do not condone harassing or inappropriate conduct or statements of any kind. We require all employees - and especially our leaders - to behave in accordance with the Company's values. The Board did not make these decisions lightly. We believe they are necessary to ensure our employees, investors, customers, and other stakeholders have confidence in the Company's leaders***."

[Emphasis added].

28. On this news, the Company's stock declined $5.62 per share, or over 30%, to close at $13.01 per share on September 13, 2023, on unusually heavy volume.

29. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant losses and damages.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all those who purchased or otherwise acquired Orthofix common stock during the Class Period and were damaged thereby (the "Class"). Excluded from the Class are the Defendants named herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

31. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Orthofix common stock was actively traded on the NASDAQ exchange. While the exact number of Class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Orthofix or its transfer agent and/or NASDAQ and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the Exchange Act was violated by Defendants' acts as alleged herein;

(b) whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business and financial condition of Orthofix;

(c) whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

(d) whether the Individual Defendants caused Orthofix to issue false and misleading statements during the Class Period;

(e) whether Defendants acted knowingly or recklessly in issuing false and misleading statements;

(f) whether the prices of Orthofix common stock during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

(g) whether the members of the Class have sustained damages, and, if so, what is the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

36. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## PRESUMPTION OF RELIANCE

37. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

(a) Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b) the omissions and misrepresentations were material;

(c) Orthofix common stock is traded in an efficient market;

(d) the Company's shares are liquid and traded with moderate to heavy volume during the Class Period;

(e) the Company's common stock traded on the NASDAQ exchange in the United States;

(f) the Company was covered by securities analysts;

(g) the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

(h) Plaintiff and members of the Class purchased, acquired, and/or sold Orthofix common stock between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed without knowledge of the omitted or misrepresented facts.

38. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

39. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violations of §10(B) of The Exchange Act and Rule 10b-5
### (Against All Defendants)

40. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41. This Count is asserted against Defendants and is based upon §10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

42. During the Class Period, Defendants engaged in a plan, scheme, conspiracy, and course of conduct pursuant to which they knowingly or recklessly engaged in acts, transactions, practices, and courses of business that operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes, and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did: (i) Deceive the investing public, including Plaintiff and the other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Orthofix common stock; and (iii) cause Plaintiff and other members of the Class to purchase Orthofix common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan, and course of conduct, Defendants, and each of them, took the actions set forth herein.

43. Pursuant to the above plan, scheme, conspiracy, and course of conduct, each of the Defendants participated, directly or indirectly, in the preparation and/or issuance of the annual reports, SEC filings, press releases, and other statements and documents, as described above, including statements made to securities analysts and the media, that were designed to influence the market for Orthofix common stock.  Such reports, filings, releases, and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company's business, operations, and financial condition.

44. By virtue of their positions at Orthofix, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose

such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted, as described above.

45. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to, and did, directly or indirectly, control the content of the statements of Orthofix. As officers and/or directors of a publicly held company, the Individual Defendants had a duty to disseminate timely, accurate, truthful, and complete information with respect to Orthofix's business. As a result of the dissemination of the aforementioned false and misleading public statements, the market price of Orthofix common stock was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning the Company's business and financial condition, which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Orthofix common stock at artificially inflated prices and relied upon the price of the securities, integrity of the market for the securities, and/or statements disseminated by Defendants and were damaged thereby.

46. During the Class Period, Orthofix common stock was traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued, or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired Orthofix common stock at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise

acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Orthofix shares was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Orthofix common stock declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

47. By reason of the conduct alleged herein, Defendants have knowingly or recklessly, directly, or indirectly, violated §10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

48. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions, and sales of the Company's stock during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violations of §20(A) of The Exchange Act
### (Against The Individual Defendants)

49. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50. This Claim is brought against the Individual Defendants for control person liability under §20(a) of the Exchange Act.

51. During the Class Period, the Individual Defendants participated in the operation and management of Orthofix and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs.  Because of their senior positions at and/or control of the Company, the Individual Defendants knew the truth about Orthofix's business and financial condition and the scheme to artificially inflate the Company's stock price.

52. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information, with respect to the Company's business and financial condition, and promptly correct any public statements issued by Orthofix that had become materially false or misleading.

53. Because of their position of control and authority, as senior directors or officers, the Individual Defendants were able to, and did, control the contents of the various press releases and public filings that Orthofix disseminated in the marketplace during the Class Period concerning the Company's business and financial condition.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Orthofix to engage in the wrongful acts complained of herein.  The Individual Defendants, therefore, were "controlling persons" of Orthofix within the meaning of §20(a) of the Exchange Act.  In these capacities, the Individual Defendants participated in the unlawful conduct alleged herein, which artificially inflated the market price of Orthfoix shares.

54. By reason of the above conduct, the Individual Defendants are liable pursuant to §20(a) of the Exchange Act for the violations committed by Orthofix.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that this action is a proper class action;

B. Award compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proved at trial, including interest thereon;

C. Awarding Plaintiff and the other members of the Class pre- and postjudgment interest, as well as reasonable attorneys' fees, expert fees, and other costs; and

D.	Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED:  August 21, 2024	*s/Thomas L. Laughlin, IV by permission Andrea L. Fair*
Thomas L. Laughlin, IV (*pro hac vice* forthcoming)
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
Nicholas S. Bruno (*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor,
New York, NY 10169
Telephone.:  212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
jzimmerman@scott-scott.com
nbruno@scott-scott.com

Brian J. Schall
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel:  310-301-3335
Fax: 310-388-0192
brian@scott-scott.com

*Of Counsel*:

Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Counsel for Plaintiff Matthew Bernal*

**CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS**

1. I, Matthew Bernal, make this declaration pursuant to §27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or §21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a complaint against Orthofix Medical Inc. ("Orthofix" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire Orthofix securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Orthofix securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. The attached sheet (Schedule "A") lists all of my transactions in Orthofix securities during the Class Period, as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not served or sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct this day of 8/8/2024 _____.

*Matthew Bernal*
Matthew Bernal

# Schedule A

**Orthofix Medical Inc. &ast;**              **Ticker:**   **OFIX**      **Cusip:**    **68752M108**

Class Period: 10/11/2022 to 09/12/2023

**Matthew Bernal**                                    **DATE**      **SHARES**   **PRICE**

                     **Received**  1/6/2023    32         $20.16

&ast; Orthofix shares were received in connection with the company's
merger with SeaSpine Holding Corp. completed on January 4, 2023.