**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MATTHEW BERNAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ORTHOFIX MEDICAL INC., JON C. SERBOUSEK, KEITH VALENTINE, JOHN BOSTJANCIC, and PATRICK KERAN, <br><br> Defendants. | Case No. 2:24-CV-00690-RG <br><br><br><br> **<u>JURY TRIAL DEMANDED</u>** |

**MOTION OF MARK BONTA MEDICINE P.C. FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL;
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

MEMORANDUM OF LAW ........................................................................................................ 2

I.    PRELIMINARY STATEMENT ..................................................................................... 2

II.   FACTUAL BACKGROUND........................................................................................... 2

III.  ARGUMENT.................................................................................................................... 4

      A.    MBM Should Be Appointed Lead Plaintiff ............................................................. 4

           1.    The PSLRA's Provisions Concerning the Appointment of Lead
              Plaintiff ..................................................................................................... 4

      B.    MBM Satisfies the Lead Plaintiff Provisions of the PSLRA.................................. 5

           1.    MBM Filed a Timely Motion ................................................................... 5

           2.    MBM Has the Largest Financial Interest in the Relief Sought by the Class
              ..................................................................................................................... 5

           3.    MBM Otherwise Satisfies Rule 23 ........................................................... 6

      C.    MBM's Selection of Co-Lead Counsel Should Be Approved................................ 8

IV.   CONCLUSION................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bernal v. Orthofix Medical, Inc.*,
No. 2:24-cv-00690-RG, ECF No. 1 ....................................................................................2

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...........................................................................................8

*Patel v. Reata Pharms., Inc.*,
549 F. Supp. 3d 559 (E.D. Tex. 2021).........................................................................5, 6, 7

*In re Reliance Acceptance Grp., Inc. Sec. Litig.*,
No. SA-98-CA-0044 OG, 1998 WL 388260 (W.D. Tex. June 29, 1998) ................................7

*Robison v. Digital Turbine, Inc.*,
No. 1:22-CV-00550-DAE, 2022 WL 17881476 (W.D. Tex. Dec. 19, 2022)...........................8

**Statutes**

15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa)..............................................................................8

15 U.S.C. §77z-1(a)(3)(B)(v).............................................................................................8

15 U.S.C. §78u-4(a)(1) .....................................................................................................4

15 U.S.C. §78u-4(a)(3)(A)(i) ...........................................................................................4, 5

15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I) .........................................................................4

15 U.S.C. §78u-4(a)(3)(A)-(B) ..........................................................................................5

15 U.S.C. §78u-4(a)(3)(B) ................................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(ii) ...........................................................................................4

15 U.S.C. §78u-4(a)(3)(B)(iii) ..........................................................................................6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ..........................................................................5

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc)...........................................................................6

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).................................................................................6

Exchange Act §§10(b) and 20(a), 15 U.S.C. §§78j(b) and 78t(a) ....................................................2

PSLRA .....................................................................................................................4, 5, 6, 8

**Other Authorities**

17 C.F.R. §240.10b-5...............................................................................................................2

Fed. R. Civ. P. 23(a)(1)-(4)......................................................................................................7

Rule 10b-5................................................................................................................................2

Rule 23 .............................................................................................................................2, 5, 6, 8

Rule 23(a)................................................................................................................................6

PLEASE TAKE NOTICE that Mark Bonta Medicine P.C. ("MBM" or "Movant") hereby respectfully moves this Court, pursuant to §21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an order:  (1) appointing MBM as Lead Plaintiff on behalf of all persons or entities that purchased or otherwise acquired Orthofix Medical, Inc. ("Orthofix" or the "Company") common stock between October 11, 2022, and September 12, 2023, inclusive (the "Class" that bought during the "Class Period"); (2) approving MBM's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and The Schall Law Firm ("SLF") to serve as Co-Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

The facts and law supporting this Motion are fully set forth in the attached Memorandum of Law, and the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl.") filed in support thereof.

WHEREFORE, for all of the reasons set forth herein and in the accompanying Memorandum of Law, MBM respectfully requests that this Court: (1) appoint it as Lead Plaintiff for the Class; (2) approve Scott+Scott and SLF to serve as Co-Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

## MEMORANDUM OF LAW

### I.    PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action brought on behalf of all persons or entities who purchased or otherwise acquired Orthofix common stock during the Class Period (the "Action"). Plaintiff Matthew Bernal alleges violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5, against the Defendants (defined *infra*).

As demonstrated below, MBM should be appointed to serve as Lead Plaintiff of the Action because: (1) its motion for appointment is timely filed; (2) it has the largest financial interest in this litigation; and (3) it satisfies the relevant requirements of Rule 23, as MBM's claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, MBM's selection of Scott+Scott and SLF to serve as Co-Lead Counsel should be approved because Scott+Scott and SLF have substantial expertise in securities class action litigation and the experience and resources necessary to efficiently and effectively prosecute the Action.

### II.   FACTUAL BACKGROUND

Orthofix, a Lewisville, Texas-based global spine and orthopedics company that offers biologics, spinal hardware, bone growth therapies, and specialized orthopedic solutions, among other things, to healthcare professionals throughout the world. ¶2.[1] The Company's common stock trades in an efficient market on the Nasdaq Global Select Market ("NASDAQ") under the ticker symbol "OFIX." ¶12.

---

[1]    Citations to "¶" and "¶¶" are to the Class Action Complaint For Violations of the Federal Securities Laws filed in the case captioned *Bernal v. Orthofix Medical, Inc.*, No. 2:24-cv-00690-RG, ECF No. 1.

On October 11, 2022, Orthofix and SeaSpine Holdings Corporation ("SeaSpine"), a global medical technology company focused on surgical solutions for the treatment of spinal disorders, announced that they entered into a definitive agreement to combine in an all-stock merger of equals (the "Merger").  ¶¶3, 20.  According to the release and corresponding conference call with securities analysts, Defendant Keith Valentine ("Valentine"), SeaSpine's President and Chief Executive Officer ("CEO"), would serve as President and CEO and be appointed to the Board of Directors (the "Board") of the combined company.  ¶¶3, 20-21.

On November 21, 2022, Orthofix and SeaSpine announced that, effective upon the completion of the merger, Defendant John Bostjancic ("Bostjancic"), SeaSpine's Chief Financial Officer ("CFO") and Chief Operating Officer, and Defendant Patrick Keran ("Keran"), SeaSpine's Senior Vice President and General Counsel, would serve as CFO and Chief Legal Officer ("CLO") of the combined company, respectively (collectively, with Valentine and Serbousek, "Individual Defendants" and with Orthofix, "Defendants").  ¶¶4, 23. On January 4, 2023, Orthofix and SeaSpine announced the successful completion of the Merger.  ¶¶5.

Then, on September 12, 2023, the truth began to emerge when Defendants announced the appointment of an interim CEO, interim CFO, and interim CLO, effective immediately, following the "unanimous decision by the Board's independent directors to terminate for cause Keith Valentine, John Bostjancic and Patrick Keran from those respective roles."  ¶27.  According to a press release issued that day, the "Board's decision follows an investigation conducted by independent outside legal counsel and directed and overseen by the Company's independent directors.  ¶27.  As a result of the investigation, the Board determined that each of these executives engaged in repeated inappropriate and offensive conduct that violated multiple code of conduct requirements and was inconsistent with the Company's values and culture."  ¶27. On this news,

the Company's stock declined $5.62 per share, or over 30%, to close at $13.01 per share on September 13, 2023, on unusually heavy volume, harming investors.  ¶28.

## III.    ARGUMENT

### A.    MBM Should Be Appointed Lead Plaintiff

#### 1.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."   15 U.S.C. §78u-4(a)(3)(B)(ii).   The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).

First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after publication of the Early Notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether they have previously filed a complaint in the action or not.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  Under this provision, "the most adequate plaintiff" is determined by the following process.  First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) has either filed a complaint or moved

-4-

for lead plaintiff in response to a notice; (b) has "the largest financial interest in the relief sought"; and (c) otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff.  *See, e.g.*, *Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 564 (E.D. Tex. 2021).  As demonstrated below, MBM meets these requirements and should be appointed to serve as Lead Plaintiff.

### B. MBM Satisfies the Lead Plaintiff Provisions of the PSLRA

#### 1. MBM Filed a Timely Motion

On August 21, 2024, which was within 20 days of the filing of the complaint as required by 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for Plaintiff Matthew Bernal published notice of the Action via *BusinessWire*, a widely circulated, national, business-oriented wire service.  *See* Laughlin Decl., Ex. A.  Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Therefore, the time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A)-(B) expires on October 21, 2024.  MBM timely filed its motion within the 60-day period following publication of the Notice and has submitted herewith a sworn certification attesting that it is willing to serve as a representative party on behalf of the Class and provided MBM's transactions in Orthofix securities.  *See* Laughlin Decl., Ex. B.  By making a timely motion in response to a PSLRA notice, MBM satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.

#### 2. MBM Has the Largest Financial Interest in the Relief Sought by the Class

"Under the PSLRA, courts are to presume that the [movant] with the largest financial stake in the relief sought by the class is the lead plaintiff so long as he or she otherwise satisfies the

requirements of Rule 23(a)."[2]    *Reata Pharms.* at 564; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).    Courts in this Circuit have found that the loss suffered is the determinative factor in the financial-interest analysis.  *Reata Pharms.* at 565 (citing *Giovagnoli v. GlobalSCAPE, Inc.*, No. SA-17-CV-753, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017) (collecting cases).  As evidenced by the accompanying PSLRA Certification and Loss Chart detailing transactions and losses, MBM purchased or otherwise acquired Orthofix common stock during the Class Period and suffered losses of approximately $59,407 as a result of Defendants' misconduct.  *See* Laughlin Decl., Exs. B & C.  MBM has a significant financial interest in this case and is unaware of any other movant with greater financial losses.  Therefore, MBM has the "largest financial interest in the relief sought by the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    MBM Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(1)-(4).  Of these four prerequisites, only two – typicality and adequacy – "are relevant."  *See Reata Pharms.* at 565.  Consequently, in deciding a motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff.  Notably, MBM

---

[2] Unless otherwise specified, all citations are omitted and emphasis is added.

goes beyond this requirement and provides a declaration further demonstrating its adequacy to represent the Class. *See* Laughlin Decl., Ex. D (Declaration).

Typicality exists where a movant's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See In re Reliance Acceptance Grp., Inc. Sec. Litig.*, No. SA-98-CA-0044 OG, 1998 WL 388260, at \*4 (W.D. Tex. June 29, 1998) ("Typicality does not require identical claims or defenses, however, and similar legal theories satisfy this requirement even where significant factual distinctions are present."). Here, the claims asserted by MBM are typical of the claims of the other members of the putative Class because, like all other members of the Class, MBM: (a) purchased or otherwise acquired Orthofix common stock during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof. Since MBM's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other class members, typicality is satisfied.

A potential lead plaintiff "is adequate when he or she is prepared to prosecute the action vigorously and when no conflicts exist between the named plaintiffs' interests and the class members' interests." *Reata Pharms.* at 566. MBM here is "adequate" to serve as the Class Representative in the Action because its interests are clearly aligned with the interests of the putative Class. MBM, like all other members of the Class, suffered losses as a result of purchasing or otherwise acquiring Orthofix common stock at prices that were artificially inflated due to Defendants' alleged misconduct. MBM will, therefore, benefit from the same relief as other Class members. Under these circumstances, there exists absolutely no evidence of antagonism between MBM and the putative Class.

MBM has also demonstrated that it is an adequate representative in this matter by retaining competent and experienced counsel.  As shown below, proposed Co-Lead Counsel are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, MBM has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

### C.    MBM's Selection of Co-Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d 726, 734-35 (9th Cir. 2002).  As such, this Court should not disturb the Lead Plaintiff's choice of Lead Counsel unless necessary to "protect the interests of the class."  15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Robison v. Digital Turbine, Inc.*, No. 1:22-CV-00550-DAE, 2022 WL 17881476, at *8 (W.D. Tex. Dec. 19, 2022) ("The Court should not disturb Burch's choice   of counsel unless it is necessary to 'protect the interests of the class.'") (quoting § 78u-4(a)(3)(B)(iii)(II)(aa)).

MBM has selected the law firms of Scott+Scott and SLF to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions, possesses the necessary resources to efficiently conduct this litigation, and will vigorously prosecute this case on behalf of Regan and the putative Class.[3]   *See* Laughlin Decl., Ex. E

---

3    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am.*, *N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*,

(Scott+Scott firm résumé). Also, Scott+Scott currently serves as lead or co-lead counsel in numerous securities class actions pending in several U.S. District Courts.[4]  *See also* Laughlin Decl., Ex. E.  Similarly, SLF has served as co-lead or additional counsel in many successful securities class actions and currently serves as co-lead counsel in *Bergman v. Caribou Biosciences, Inc.*, No. 4:23-cv-01742 (N.D. Cal.) and *In re The Hain Celestial Grp. Sec. Litig.*, No. 2:16-cv-04581 (E.D.N.Y.).  *See also* Laughlin Decl., Ex. F (SLF firm résumé).

In light of the foregoing, the Court should approve MBM's selection of Scott+Scott and SLF as Co-Lead Counsel for the securities claims.  The Court can be assured that by approving MBM's choice of Co-Lead Counsel, the putative Class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all the foregoing reasons, MBM respectfully requests that the Court: (1) appoint MBM as Lead Plaintiff on behalf of the Class; (2) approve MBM's selection of Scott+Scott and SLF as Co-Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

---

No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

[4]      *See, e.g.*, Current Lead Counsel Appointments: *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C. D. Cal.); *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *Peterson v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks, Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 4:21-cv-05868 (N.D. Cal.).

DATED:  October 21, 2024   Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (*pro hac vice*)
Nicholas S. Bruno (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 24th Floor,
New York, NY 10169
Telephone:  212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
nbruno@scott-scott.com

Brian J. Schall (*pro hac vice* forthcoming)
Brian England (*pro hac vice* forthcoming)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel:  310-301-3335
Fax: 310-388-0192
brian@schallfirm.com
briane@schallfirm.com

Of Counsel:

Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Proposed Lead Co-Counsel for Proposed Lead Plaintiff*
*Movant Mark Bonta Medicine P.C.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 *s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

-11-

-12-

## CERTIFICATE OF CONFERENCE

I hereby certify that, based on the procedures set out in the Private Securities Litigation Reform Act of 1995, any class member may file a motion seeking appointment as lead plaintiff without also filing a complaint, and class members have until October 21, 2024 to file their motions to be appointed lead plaintiff.  As a result, counsel cannot know who all of the lead plaintiff movants will be, and therefore the parties cannot meet and confer with all movants regarding consolidation or the appointment of lead plaintiff until after the October 21, 2024 lead plaintiff motion deadline has passed.  Under these limited circumstances, the Trusts respectfully request that the conferral requirement of Local Rule CV-7(h) be waived in this narrow instance.

*s/Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV