# EXHIBIT A

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

October 17, 2024

<u>Via E-mail</u>

Adam E. Polk
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108

    Re: *<u>O'Hara</u> v. <u>Orthofix Medical Inc., et al., No. 3:24-cv-01593</u>*

Dear Mr. Polk:

   On behalf of Orthofix Medical Inc. ("Orthofix"), I write to follow up on our conversation concerning *O'Hara* v. *Orthofix Medical Inc., et al.* pending in the United States District Court for the Southern District of California (the "California Action"). As I mentioned to you, the California Action is substantially similar to the first-filed *Bernal* v. *Orthofix Medical Inc., et al.*, No. 2:24-cv-00690, pending in the United States District Court for the Eastern District of Texas (the "Texas Action"). For the reasons outlined below, we believe the lead plaintiff process should proceed in the Eastern District of Texas.

   On August 21, 2024, Plaintiff Matthew Bernal filed the Texas Action against Orthofix Medical Inc., Jon C. Serbousek, Keith Valentine, John Bostjancic, and Patrick Keran asserting putative class claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 thereunder, and Section 20(a) of the Exchange Act. More than two weeks later, on September 6, 2024, Plaintiff Tommy O'Hara brought the California Action against nearly all the same defendants and others asserting claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"). The claims in both cases arise from alleged misstatements relating to Orthofix and SeaSpine's merger (the "Merger") in the draft registration statement on Form S-4 filed on November 8, 2022, the final prospectus on Form 424B3 filed on November 11, 2022, Orthofix's Annual Statement on Form 10-K filed on March 6, 2023, and the October 11, 2022 merger announcement call. The damages sought in both cases arise from the decrease in Orthofix stock price after the September 13, 2023 announcement of the departure of Keith Valentine, John Bostjancic, and Patrick Keran from Orthofix management. Because of the similar allegations in both actions, any discovery in these matters would be substantially the same and thus duplicative.

Adam E. Polk                                                                    -2-


Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "only the plaintiff or plaintiffs in the first-filed action shall be required" to provide notice to members of the purported plaintiff class.  15 U.S.C. § 78u-4(a)(3)(A)(ii).  Accordingly, the notice in the Texas Action—published on August 21, 2024 by Scott+Scott Attorneys at Law LLP—started the 60-day clock to "move the court to serve as lead plaintiff of the purported class."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The putative class in the California Action overlaps with the putative class in the Texas Action.  As you know, the putative class in the California Action is comprised of those who acquired Orthofix shares in the Merger on January 5, 2023.  The putative class in the Texas Action includes those who purchased or otherwise acquired Orthofix shares from October 11, 2022 to September 12, 2023.  Since the putative class members in the California Action would have acquired their shares during the date range alleged in the Texas Action, the California Action putative class members would also be members of the Texas Action putative class.

Due to the substantially similar nature of your case to the first-filed Texas Action, we believe that your client is required to proceed in the lead plaintiff process ongoing in the Eastern District of Texas and submit an application to be appointed lead plaintiff by October 21, 2024.  Orthofix reiterates its request that you proceed in the Eastern District of Texas to comply with the requirements of the PSLRA and avoid waste of judicial and party resources and potentially inconsistent rulings.

Sincerely,

Jeffrey T. Scott