**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  | x |  |
|---|---|---|
| IN RE ORTHOFIX MEDICAL INC. SEC. LITIG. | : : : : : : : : : : : : : x | No. 2:24-cv-00690-JRG<br><br>Honorable Rodney Gilstrap<br>Chief District Court Judge |

**JOINT MOTION TO MODIFY SCHEDULING ORDER PURSUANT TO THE PRIVATE SECURITIES LITIGATION REFORM ACT'S AUTOMATIC DISCOVERY STAY AND TO DEFER SCHEDULING CONFERENCE**

March 12, 2025

Lead Plaintiff Southeastern Pennsylvania Transportation Authority ("SEPTA" or "Lead Plaintiff") and Defendants Orthofix Medical Inc. ("Orthofix"), Jon C. Serbousek, Keith C. Valentine, John Bostjancic, Patrick L. Keran, Douglas C. Rice, Catherine M. Burzik, Wayne Burris, Jason M. Hannon, James F. Hinrichs, Lilly Marks, Michael E. Paolucci, John E. Sicard, Thomas A. West, and Kimberley A. Elting ("Defendants," and together with SEPTA, "Parties") move jointly to modify the scheduling order, dated March 3, 2025 ("Scheduling Order") (ECF No. 45), to comply with the automatic discovery stay under the Private Securities Litigation Reform Act ("PSLRA") and to defer the Rule 16 scheduling conference ("Scheduling Conference") until after the Court has ruled on Defendants' forthcoming motion(s) to dismiss.

## BACKGROUND

This is a putative securities class action brought against Orthofix and certain current and former Orthofix officers and directors. The initial complaints assert claims under the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). (*See Bernal* v. *Orthofix Medical Inc.*, No. 2:24-cv-00690, ECF No. 1; *O'Hara* v. *Orthofix Medical Inc.*, No. 2:24-cv-00979, ECF No. 1.) On December 11, 2024, the Court consolidated those two putative securities class actions with Docket No. 24-cv-00690 as the lead consolidated case (ECF No. 40), and on January 3, 2025, the Court appointed SEPTA as Lead Plaintiff (ECF No. 41).

On March 3, 2025, the Court set the Parties agreed-upon due dates for the filing of Lead Plaintiff's consolidated complaint and briefing of Defendants' motion(s) to dismiss. (*See* ECF No. 45.) But the Scheduling Order also (i) set a Rule 16 Scheduling Conference for Wednesday, March 26, 2025 at 10:30 a.m.; (ii) requires the Parties to make certain disclosures "within 30 days after the Scheduling Conference"; and (iii) requires the Parties to produce, "within 45 days after the Scheduling Conference and without awaiting a discovery request, . . . all documents, data compilations, and tangible things in the possession, custody or control of the party that are relevant

to the claims or defenses involved in this action," as well as "a complete computation of any category of damages claimed by any party to the action."  (*Id.*)

## ARGUMENT

The PSLRA imposes "a mandatory discovery stay pending resolution of any motion to dismiss."  *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 535 F.3d 325, 337 (5th Cir. 2008). "The rationale underlying the stay was to prevent costly 'extensive discovery and disruption of normal business activities' until a court could determine whether a filed suit had merit."  *Newby* v. *Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003).  The discovery-stay provision states:

> In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1) (Securities Act); *accord* 15 U.S.C. § 78u-4(b)(3)(B) (identical provision under the Exchange Act).

Although the statute states that discovery is stayed "during the pendency of any motion to dismiss," *id.*, "this provision has been interpreted to mean that discovery is stayed from the filing of the complaint until the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions."  *Newby* v. *Enron Corp.*, 188 F. Supp. 2d 684, 709 (S.D. Tex. 2002) (rejecting the notion that "discovery is not stayed until the defendants have filed a motion to dismiss"); *see In re Volkswagen 'Clean Diesel" Litig.*, 2016 WL 11796891, at *2 (N.D. Cal. June 23, 2016) ("Courts . . . treat the stay as automatically in place even before the filing of a motion to dismiss."); *SG Cowen Sec. Corp.* v. *U.S. Dist. Ct. for N. Dist. of Ca.*, 189 F.3d 909, 912-13 (9th Cir. 1999) ("The 'Stay of Discovery' provision of the [PSLRA] clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*.'" (emphasis in original)); *Boynton Beach*

*Firefighters' Pension Fund* v. *HCP, Inc.*, 2018 WL 1122195, at *1 (N.D. Ohio Mar. 1, 2018) (same; collecting cases).  That is because "[t]he intent of the PSLRA is served by a stay of discovery until the defendants have the opportunity to test the sufficiency of the complaint under the orderly procedures provided by the rules and court orders.  Any other interpretation would encourage unseemly gamesmanship, *i.e.*, a race to serve subpoenas for discovery before a defendant had the opportunity to test the sufficiency of the complaint." *Schaper* v. *Lensar, Inc.*, 2023 WL 4532462, at *4 n.1 (D. Del. July 13, 2023).[1]

Moreover, the automatic stay of discovery may be lifted only "upon the motion" of the plaintiff but Lead Plaintiff has not moved to do so here.  15 U.S.C. § 77z-1(b)(1) (Securities Act); *accord* 15 U.S.C. § 78u-4(b)(3)(B) (identical provision under the Exchange Act).  Because Lead Plaintiff at this time is not aware of any "particularized discovery [] necessary to preserve evidence or to prevent undue prejudice" (*see supra*), Lead Plaintiff has not moved to lift the automatic discovery stay and instead joins this motion to apply the automatic discovery stay.[2]

---

[1]     Indeed, the only reason Defendants have not yet moved to dismiss the complaint is because Lead Plaintiff has indicated that it intends to file a consolidated amended complaint.  (*See* ECF No. 42.)  As one court has observed, "[n]o logical reason has been proffered why" plaintiffs should be permitted to obtain discovery "simply because the parties have amicably worked out a schedule for the service of an amended pleading and dismissal motion." *In re Trump Hotel S'holder Derivative Litig.*, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997); *see SG Cowen*, 189 F.3d at 911-13 (granting mandamus where district court ordered discovery during interim period between the filing of an amended complaint and defendants' motion to dismiss).

[2]     For the avoidance of doubt, the automatic discovery stay under the PSLRA also applies to derivative lawsuits that assert claims under the Exchange Act, such as the two derivative actions against current and former Orthofix directors in *Marti* v. *Serbousek, et al.*, No. 2:24-cv-00864 (E.D. Tex.) and *Vincent* v. *Serbousek, et al.*, No. 2:24-cv-01058 (E.D. Tex.).  *See Laborers Int'l Union of N. Am.* v. *Bailey*, 310 F. App'x 128, 130 (9th Cir. 2009) (Plaintiff's "arguments as to why the PSLRA does not apply to its derivative suit are not persuasive."); *Herrley* v. *Frozen Food Exp. Indus., Inc.*, 2013 WL 4417699, at *1 (N.D. Tex. Aug. 19, 2013) (enforcing PSLRA discovery stay in derivative action); *Ak. Laborers Emps. Ret. Fund* v. *Mays Clear Channel Commc'ns, Inc.*, 2007 WL 9710527, at *5 (W.D. Tex. Feb. 14, 2007) (same).

Because the PSLRA dictates that discovery is automatically stayed in this action, the parties further submit that there is good cause to adjourn the Scheduling Conference set for March 26, 2025, at 10:30 AM, and to set a new date after the Court has ruled on Defendants' forthcoming motion(s) to dismiss the consolidated complaint. *See, e.g.*, *Weir* v. *Allianz SE*, No. 23-cv-00719, ECF No. 47 (C.D. Cal. Nov. 16, 2023) (finding "good cause" to "adjourn[]" the scheduling conference until "after the Court has ruled on Defendants' Motion to Dismiss" where discovery was stayed under the PSLRA); *Pedroli* v. *Bartek*, 251 F.R.D. 229, 230 (E.D. Tex. 2007) (same).

Accordingly, the Parties jointly request that the Court enter an Order providing as follows:

1.  The Scheduling Conference set for March 26, 2025, at 10:30 AM is adjourned and shall be set for a date after the Court has ruled on Defendants' forthcoming motion(s) to dismiss the consolidated complaint.

2.  All discovery-related deadlines and obligations set forth in the Scheduling Order are hereby held in abeyance until after the resolution of Defendants' forthcoming motion(s) to dismiss.

3.  To the extent any claims remain after the Court rules on Defendants' forthcoming motion(s) to dismiss, the Parties will meet and confer on a case schedule and will propose a schedule to the Court within 10 days after the Court enters its decision on Defendants' motion(s) to dismiss.

## CONCLUSION

For the foregoing reasons, the Parties request that the Court grant this motion and enter the attached Proposed Order.

DATED:  March 12, 2025

Respectfully submitted,

/s/ Samuel F. Baxter

MCKOOL SMITH
Samuel F. Baxter (TX No. 01938000)
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9001
Facsimile:  (903) 923-9099
sbaxter@mckoolsmith.com


SULLIVAN & CROMWELL LLP
Jeffrey T. Scott (admitted *pro hac vice*)
Julia A. Malkina (admitted *pro hac vice*)
Jacob E. Cohen (admitted *pro hac vice*)
Rachel Rolnick (admitted *pro hac vice*)
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile:  (212) 588-3588
scottj@sullcrom.com
malkinaj@sullcrom.com
cohenja@sullcrom.com
rolnickr@sullcrom.com


*Attorneys for Defendants Orthofix Medical Inc., Jon C. Serbousek, Douglas C. Rice, Catherine M. Burzik, Wayne Burris, Jason M. Hannon, James F. Hinrichs, Lilly Marks, Michael E. Paolucci, John E. Sicard, Thomas A. West, and Kimberley A. Elting*

/s/ Edwin S. Gault, Jr.

FORMAN WATKINS & KRUTZ LLP
Edwin S. Gault, Jr. (TX No. 24049863)
C. Mitch McGuffey (admitted *pro hac vice*)
4900 Woodway Drive, Suite 940
Houston, TX 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746
win.gault@formanwatkins.com
mitch.mcguffey@formanwatkins.com


COHEN MILSTEIN SELLERS
& TOLL PLLC
Steven J. Toll (admitted *pro hac vice*)
Jan Messerschmidt (admitted *pro hac vice*)
1100 New York Avenue, NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

Christina D. Saler (admitted *pro hac vice*)
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Telephone: (267) 479-5707
Facsimile:  (267) 479-5701
csaler@cohenmilstein.com

Alexandra Gray (admitted *pro hac vice*)
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile:  (212) 838-7745
agray@cohenmilstein.com

*Attorneys for Lead Plaintiff SEPTA and the Proposed Class*

-5-

-6-

/s/ Jennifer H. Doan
HALTOM & DOAN
Jennifer H. Doan (TX No. 08809050)
Darby V. Doan (TX No. 00793622)
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile:  (903) 255-0800
jdoan@haltomdoan.com
ddoan@haltomdoan.com

OLSHAN FROME WOLOSKY LLP
Adrienne M. Ward (admitted *pro hac vice*)
Kyle Bisceglie (admitted *pro hac vice*)
1325 Avenue of the Americas
New York, NY 10019
Telephone: (212) 451-2300
Facsimile:  (212) 451-2222
award@olshanlaw.com
kbisceglie@olshanlaw.com

*Attorneys for Defendants Keith C. Valentine,*
*John Bostjancic, and Patrick L. Keran*

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

*/s/ Samuel F. Baxter*

**CERTIFICATE OF CONFERENCE**

Pursuant to the Local Rules of this District, I hereby certify that counsel have complied with the meet and confer requirement of Local Rule CV-7(h). This motion is submitted jointly by all parties and is thus unopposed.

Respectfully submitted,

*/s/ Samuel F. Baxter*