**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| *In re Orthofix Medical Inc. Sec. Litig.* | § <br> § CIVIL ACTION NO. 2:24-CV-00690-JRG <br> § <br> § (Lead Case) <br> § <br> § CIVIL ACTION NO. 2:24-CV-00979-JRG <br> § <br> § (Member Case) <br> § |

## ORDER

Before the Court is the Joint Motion to Modify Scheduling Order Pursuant to the Private Securities Litigation Reform Act's Automatic Discovery Stay and to Defer Scheduling Conference (the "Motion") filed by Lead Plaintiff Southeastern Pennsylvania Transportation Authority ("SEPTA" or "Lead Plaintiff") and Defendants Orthofix Medical Inc. ("Orthofix"), Jon C. Serbousek, Keith C. Valentine, John Bostjancic, Patrick L. Keran, Douglas C. Rice, Catherine M. Burzik, Wayne Burris, Jason M. Hannon, James F. Hinrichs, Lilly Marks, Michael E. Paolucci, John E. Sicard, Thomas A. West, and Kimberley A. Elting ("Defendants," and together with SEPTA, "Parties"). (Dkt. No. 47.) In the Motion, the Parties request that the Court stay discovery in compliance with the Private Securities Litigation Reform Act ("PSLRA") and defer the Rule 16 scheduling conference until after the Court has ruled on Defendants' forthcoming motion(s) to dismiss. (*Id*. at 1.)

The Securities Act and the Exchange Act provide the following:

In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1); 15 U.S.C. 78u-4.[1] Other courts have interpreted the stay provision "to mean that discovery is stayed from the filing of the complaint until the court has determined the sufficiency of the plaintiff's pleading, unless the plaintiff can establish one of the exceptions." *Enron Corp. v. Amalgamated Bank*, 188 F. Supp. 2d 684, 709 (S.D. Tex. 2002) (rejecting the notion that "discovery is not stayed until the defendants have filed a motion to dismiss"). This Court agrees.

Here, Lead Plaintiff has not moved to lift the stay is not aware of any particularized discovery necessary to preserve evidence or to prevent undue prejudice. (Dkt. No. 47 at 3.) Instead, Lead Plaintiff joins this Motion to stay.

Having considered the Motion, and noting its joint nature, the Court finds that it should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that (1) the Scheduling Conference set for March 26, 2025, at 10:30 AM is adjourned and shall be set for a date after the Court has ruled on Defendants' forthcoming motion(s) to dismiss the consolidated complaint; (2) all discovery-related deadlines and obligations set forth in the Scheduling Order are hereby held in abeyance until after the resolution of Defendants' forthcoming motion(s) to dismiss; and (3) to the extent any claims remain after the Court rules on Defendants' forthcoming motion(s) to dismiss, the Parties will meet and confer on a case schedule and will propose a schedule to the Court within 10 days after the Court enters its decision on Defendants' motion(s) to dismiss.

## So Ordered this

**Mar 19, 2025**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] The language of the Exchange Act differs slightly in non-substantive ways.