**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |
| | : | No. 2:24-cv-00690-JRG |
| | : | |
| IN RE ORTHOFIX MEDICAL INC. SEC. LITIG. | : | Honorable Rodney Gilstrap |
| | : | District Court Judge |
| | : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ x | | |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ORTHOFIX, SEASPINE, AND
CERTAIN INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE FIRST
AMENDED CONSOLIDATED COMPLAINT**

Samuel F. Baxter
Texas State Bar No. 01938000
Jennifer L. Truelove
Texas State Bar No. 24012906
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
Tel:  (903) 923-9000
Fax:  (903) 923-9099
sbaxter@mckoolsmith.com
jtruelove@mckoolsmith.com

Jeffrey T. Scott (admitted *pro hac vice*)
N.Y. State Bar No. 2890374
Julia A. Malkina (admitted *pro hac vice*)
N.Y. State Bar No. 5054572
Jacob E. Cohen (admitted *pro hac vice*)
N.Y. State Bar No. 4787271
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588
scottj@sullcrom.com
malkinaj@sullcrom.com
cohenja@sullcrom.com

*Attorneys for Orthofix Medical Inc., SeaSpine Holdings Corp., Jon C. Serbousek, Douglas C.
Rice, Catherine M. Burzik, Wayne Burris, Jason M. Hannon, James F. Hinrichs, Lilly Marks,
Michael E. Paolucci, John E. Sicard, Thomas A. West, Kimberley A. Elting, Stuart Essig,
John Henneman, III, and Shweta Singh Maniar*

March 2, 2026

This supplemental brief makes three points that warrant dismissal, in addition to all the reasons for dismissal discussed in the motion papers.  Orthofix, SeaSpine, and the Orthofix Executives also join in the arguments made by the Former Executives.

## I.  SeaSpine's Representations and Warranties to Orthofix Are Not Misleading.

At the hearing, the Court asked whether companies could use disclaimers to lie to the market with impunity.  (Tr. 23:5-7.)  Because of the plain language of the representations and warranties provision ("Rs&Ws") in the merger agreement, there is simply no risk of that here. Defendants never argued that the type of disclaimer in the prospectus here would permit a company to lie.  Defendants' point is that the Rs&Ws state that they are not an unqualified guarantee; they are subject to a confidential side letter containing additional disclosures and materiality thresholds. The prospectus's disclaimer reinforces (not repudiates) that contractual provision by reminding investors what should be obvious from the Rs&Ws' plain language:  investors should not misconstrue a heavily-caveated R&W as an uncaveated guarantee.  In short, Orthofix and SeaSpine executed a contract (the merger agreement), and then truthfully described that contract's terms in the prospectus, including by warning investors to read the provisions as written.  That is not fraud.

This result flows from a bedrock securities law principle mandated by the Supreme Court. *See Omnicare, Inc.* v. *Laborers Dist. Council*, 575 U.S. 175, 190 (2015) (courts must consider a statement "in its full context, … in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information").  Consequently, "[i]n evaluating a prospectus," courts must "read it as a whole," "cover-to-cover," and "consider whether the disclosures and representations, 'taken together and in context, would have misl[ed] a reasonable investor.'" *In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 103 (2d Cir. 2013).

Step one is reviewing disclosures' plain language.  The merger agreement was attached to the prospectus.  Article III of the merger agreement contains Rs&Ws that SeaSpine made to

Orthofix, and the first sentence of that article states that the Rs&Ws are subject to ("[e]xcept as disclosed in …") "the confidential disclosure letter delivered by SeaSpine to Orthofix."  (ECF 50-8 at A-20.)[1]  This is common in merger agreements.[2]  These Rs&Ws protect the parties against a breach by allowing one party to terminate the merger if a breach occurs.  Rs&Ws allocate risk between the merger parties.  They are not comprehensive disclosures *to investors* about the merger parties' respective businesses, especially in mergers between public companies, as here, that each has disclosed material facts about its business in its SEC filings on a quarterly and annual basis.

The prospectus also aligns with the merger agreement's plain language.  It states that investors are "encouraged to carefully read the entire merger agreement."  (ECF 50-8 at 117.)  But that does not mean investors should *ignore* the qualifications in the Rs&Ws' first sentence.  The prospectus says to "carefully read the entire" agreement, not to selectively read parts of it.  And that sentence is followed by a bolded warning titled "Explanatory Note Regarding the Merger Agreement" that states:  "Investors … should not rely on the [Rs&Ws] … as characterizations of the actual state of facts or condition of" SeaSpine, because they were "qualified by confidential disclosures" and materiality thresholds.  (*Id.*)  Instead, the prospectus directs investors to SeaSpine's quarterly and annual reports for a description of SeaSpine's business.  (*Id.* at 192-93.)  Plaintiffs do not allege that those filings contain false or misleading information about SeaSpine.

Because of the merger agreement's actual language, there is no need to address whether a

---

[1] The Rs&Ws also omit ("[e]xcept as disclosed in …") matters disclosed in "SeaSpine SEC Documents" (*i.e.*, its SEC filings).  (ECF 50-8 at A-20.)  Plaintiffs conceded that SeaSpine disclosed the *Johnson* class action in its SEC filings.  (Tr. 58:15-18; AC ¶ 62.)  So the Rs&Ws were not false for omitting that suit.  Indeed, if Plaintiffs had asked Defendants, they would have learned that the *Johnson* lawsuit was disclosed in the side letter.

[2] *Business Transactions Solutions* § 376:64 (West 2026) ("It is common to supplement the [Rs&Ws] with a schedule of exceptions" to identify "facts or circumstances that may be unique to the target company.  It is far easier to update the schedule of exceptions as the due diligence process unfolds then it is to constantly revise the language in the representations themselves.").

disclaimer can neutralize a lie.  Here, there was no lie in the first place.  The first sentence of the Rs&Ws states that a separate side letter qualifies everything that follows, and thus investors reading the Rs&Ws knew that the Rs&Ws did not disclose all facts relating to employment matters. "These affirmative statements … clearly notified [Plaintiffs] that [SeaSpine] was not disclosing certain information." *Jensen* v. *Kimble*, 1 F.3d 1073, 1078 (10th Cir. 1993).  "In other words, by virtue of the disclosures that [SeaSpine] did make, [Plaintiffs] knew what [they] didn't know," and thus were not "misled."  *Id.*  Although Plaintiffs ask the Court to follow *Glazer Cap. Mgmt., LP* v. *Magistri*, 549 F.3d 736 (9th Cir. 2008)—rather than the on-point Delaware cases involving merger agreements with similar carve-outs (*see* ECF 50 at 3, 21)—*Glazer*'s discussion of falsity was dicta, because it affirmed dismissal on scienter grounds.  549 F.3d at 742, 749.  If the Ninth Circuit is to be the guide, the Court should follow that Circuit's more relevant decision in *McCormick* v. *Fund Am. Cos.*, 26 F.3d 869, 879 (9th Cir. 1994), where the court rejected a securities fraud claim in analogous circumstances.  Because defendant "told plaintiff that it had certain information … , but that the information was confidential," there "was nothing misleading."  *Id.* at 879-80.  Because *Glazer* never reconciled its dicta with *McCormick*, the "earlier precedent controls" under the "rule of orderliness."  *Trader Joe's Co.* v. *NLRB*, 2026 WL 456920, at *17 n.17 (5th Cir. Feb. 18, 2026).[3]

There is more.  The prospectus told investors not to misread the Rs&Ws as a full disclosure about employment matters because the Rs&Ws stated that not all information was being disclosed.

---

[3] The Court asked whether disclosures should be considered from an unsavvy investor's perspective.  (Tr. 72:25-73:6.)  They should not because this is a fraud-on-the-market case where Plaintiffs did not read or know about SeaSpine's Rs&Ws.  (AC ¶¶ 295-97.)  Their claim rests on the idea that "professional traders … [and] securities analysts[] did the reading, and that they made trades or recommendations that influenced the price."  *Asher* v. *Baxter Int'l Inc.*, 377 F.3d 727, 731 (7th Cir. 2004); *see Basic Inc.* v. *Levinson*, 485 U.S. 224, 247 n.24 (1988) (same).  Thus, courts consider disclosures from the perspective of "sophisticated investors," "accustomed to the 'customs and practices of the relevant industry.'"  *Tongue* v. *Sanofi*, 816 F.3d 199, 211 (2d Cir. 2016); *see In re Plains All Am. Pipeline, LP Sec. Litig.*, 307 F. Supp. 3d 583, 635 (S.D. Tex. 2018).

Plaintiffs "offer no serious rationale as to why a reasonable investor who was reading the prospectuses would consider the warnings too generic to be taken seriously and, at the same time, would find the [challenged statements] enticingly specific." *Olkey* v. *Hyperion 1999 Term Tr.*, 98 F.3d 2, 8 (2d Cir. 1996).

Although the Court need not consider the prospectus disclaimer because the Rs&Ws are not false on their face, it would be error to, as Plaintiffs suggest, disregard the caveats and the no-reliance disclaimer as mere "boilerplate" that investors were free to ignore. (Tr. 55:2-7.) "[N]o-reliance clauses" are important tools of "transactions lawyers," and "the fact that language has been used before does not make it less binding when used again." *Rissman* v. *Rissman*, 213 F.3d 381, 385 (7th Cir. 2000). "If as [Plaintiffs] say[] the extent of [their] reliance is a jury question even after [they] warranted [their] non-reliance, then the clause has been nullified, and [shareholders] will be worse off tomorrow" because that will increase transaction costs for all mergers—costs that are ultimately borne by shareholders. *Id.* Or as then-Judge Ruth Bader Ginsburg put it, if a court "permit[s] plaintiffs' use of the … defendants' nondisclosure … to defeat the clear words" of the provisions, "contracts would not be worth the paper on which they are written." *One-O-One Enters., Inc.* v. *Caruso*, 848 F.2d 1283, 1287 (D.C. Cir. 1988). This Court should not be the first in this Circuit to nullify standard disclaimers and carve-outs in merger agreements, which would upset settled expectations for companies doing mergers in Texas.

Lastly, even if the Rs&Ws did not carve-out matters disclosed in the side letter, Plaintiffs failed to plead that the Rs&Ws' three factual representations were false. *First*, the *Johnson* action is the only lawsuit in the "past four (4) years … between SeaSpine and any of its employees" that Plaintiffs identify. (ECF 50-8 at A-33; AC ¶ 255(c).) But Plaintiffs concede that *Johnson* was subject to the "SeaSpine SEC Documents" carve-out (ECF 50-8 at A-20), because SeaSpine

disclosed it in SEC filings (Tr. 58:15-18).  *Second*, the Rs&Ws stated that SeaSpine was "in compliance in all material respects with all Laws relating to the employment of labor."  (ECF 50-8 at A-33.)  Plaintiffs do not identify a single law with which SeaSpine was materially non-compliant.  *Third*, the Rs&Ws stated that "[n]o allegation" of "sexual or racial harassment, sexual assault" or other specified conduct had been made "within the past four (4) years [October 10, 2018 to October 10, 2022] against any … officer, director, manager or supervisory-level employee of SeaSpine."  (ECF 50-8 at A-33.)  Plaintiffs' CWs do not contend that a designated supervisory-level SeaSpine employee sexually harassed or assaulted them between October 2018 and October 2022.  (ECF 75-1 (CW demonstrative).)

## II.    Plaintiffs Concede That the Orthofix Executives Did Not Act with Scienter.

Plaintiffs admit that the most they allege against the Orthofix Executives is negligent due diligence:  that they "would have known" certain things through better diligence.  (Tr. 51:23-52:4; Pls. Slide 11.)  Fifth Circuit law is clear:  allegations that executives "should have known" facts that "would have been very easy to check … suggests negligence," not scienter.  *Ak. Elec. Pension Fund* v. *Flotek Indus., Inc.*, 915 F.3d 975, 984-85 (5th Cir. 2019).  Plaintiffs fail to allege that Orthofix's pre-merger diligence was an "extreme departure from the standards of ordinary care" as required to plead scienter.  *Id.* at 981.  They do not allege that investigating the target company's senior executives, including searching their personal cell phones, is standard in a merger, let alone that Orthofix's diligence efforts departed from ordinary diligence standards in an extreme way.

## III.    Plaintiffs Have Not Pled Loss Causation.

Plaintiffs do not satisfy elements 1 and 3 of the loss causation test in *Emp's Ret. Sys.* v. *Whole Foods Mkt., Inc.*, 905 F.3d 892, 903 (5th Cir. 2018), because the Complaint (i) fails to allege that a revelation of the fraud caused the loss, and (ii) attributes the loss to non-fraud factors (*i.e.*, instability that flowed from the Former Executives' departure).

Dated:  March 2, 2026

Respectfully Submitted,

/s/ Jennifer L. Truelove

| | |
|---|---|
| Jeffrey T. Scott (admitted *pro hac vice*) | Samuel F. Baxter |
| N.Y. State Bar No. 2890374 | Texas State Bar No. 01938000 |
| Julia A. Malkina (admitted *pro hac vice*) | Jennifer L. Truelove |
| N.Y. State Bar No. 5054572 | Texas State Bar No. 24012906 |
| Jacob E. Cohen (admitted *pro hac vice*) | MCKOOL SMITH, P.C. |
| N.Y. State Bar No. 4787271 | 104 East Houston Street, Suite 300 |
| SULLIVAN & CROMWELL LLP | Marshall, Texas 75670 |
| 125 Broad Street | Tel:  (903) 923-9000 |
| New York, New York 10004 | Fax:  (903) 923-9099 |
| Tel:  (212) 558-4000 | sbaxter@mckoolsmith.com |
| Fax:  (212) 558-3588 | jtruelove@mckoolsmith.com |
| scottj@sullcrom.com | |
| malkinaj@sullcrom.com | |
| cohenja@sullcrom.com | |

*Attorneys for Orthofix Medical Inc., SeaSpine Holdings Corp., Jon C. Serbousek, Douglas C. Rice, Catherine M. Burzik, Wayne Burris, Jason M. Hannon, James F. Hinrichs, Lilly Marks, Michael E. Paolucci, John E. Sicard, Thomas A. West, Kimberley A. Elting, Stuart Essig, John Henneman, III, and Shweta Singh Maniar*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

*/s/ Jennifer L. Truelove*